UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CYNTHIA L. BOYD, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| *vs.* ) | |
| ) | No. 1:14-cv-01354-JMS-DML |
| CAROLYN W. COLVIN, *Acting Commissioner of* ) | |
| *the Social Security Administration*, ) | |
| ) | |
| *Defendant*. ) | |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff Cynthia Boyd applied for disability and disability insurance benefits from the Social Security Administration ("SSA") in August 2011, alleging a disability onset date of September 1, 2009. [Filing No. 12-5 at 2.] Her application was denied initially on January 4, 2012 and after reconsideration on March 6, 2012. [Filing No. 12-2 at 13.] Administrative Law Judge Ronald T. Jordan (the "ALJ") held a hearing on February 7, 2013, and issued a decision on March 13, 2013, concluding that Ms. Boyd was not entitled to receive benefits. [Filing No 12-2 at 21-28.] The Appeals Council denied review on June 26, 2014. [Filing No. 12-2 at 2-4.] Ms. Boyd then filed this action, asking the Court to review the denial of benefits pursuant to 42 U.S.C. § 405(g). [Filing No. 1.]

**I.**
**BACKGROUND**

Ms. Boyd was forty-four years old when she applied for disability benefits in August 2011. [Filing No. 12-5 at 2.][1] Ms. Boyd previously worked as a bank teller and a ledger/bookkeeper.

---

[1] Ms. Boyd detailed pertinent facts in her opening brief, and the Commissioner did not dispute those facts. Because those facts implicate sensitive and otherwise confidential medical

1

[Filing No. 12-2 at 45.] She alleges a disability onset date of September 1, 2009. [Filing No. 12-5 at 2.] Ms. Boyd claims that she is disabled based on a variety of conditions, which will be discussed as necessary below. Ms. Boyd met the insured status requirements of the Social Security Act through December 31, 2014. [Filing No. 12-2 at 13.]

Using the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a)(4), the ALJ issued an opinion on March 13, 2013, determining that Ms. Boyd was not entitled to receive disability benefits. [Filing No. 12-2 at 13-21.] The ALJ found as follows:

- At Step One of the analysis, the ALJ found that Ms. Boyd had not engaged in substantial gainful activity[2] since the alleged onset date. [Filing No. 12-2 at 15.]
- At Step Two of the analysis, the ALJ found that Ms. Boyd suffered from the severe impairments of migraines and high blood pressure. [Filing No. 12-2 at 15-16.]
- At Step Three of the analysis, the ALJ found that Ms. Boyd did not have an impairment or combination of impairments that met or medical equaled the severity of one of the listed impairments. [Filing No. 12-2 at 16.]
- After Step Three but before Step Four, the ALJ found that Ms. Boyd had the residual functional capacity ("RFC") to: "lift, carry, push, or pull 20 pounds occasionally and 10 pounds frequently. She can stand or walk for a total of 6

---

information concerning Ms. Boyd, the Court will simply incorporate those facts by reference herein. Specific facts will be articulated as needed.

[2] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a); 20 C.F.R. § 416.972(a).

- hours in an 8-hour day and sit for a total of 6 hours in an 8-hour day. She can occasionally balance, stoop, crouch, crawl, kneel, and climb stairs or ramps. She cannot climb ladders, ropes, or scaffolds. Additionally, the claimant cannot work around hazards, loud background noises, or flashing lights. She also cannot endure concentrated exposure to dust, fumes, gases, strong odors, or poor ventilation." [Filing No. 12-2 at 16-21.]

- At Step Four of the analysis, the ALJ found that Ms. Boyd was capable of performing her past relevant work as a bank teller and ledger/bookkeeper. [Filing No. 12-2 at 21.]

- The ALJ did not reach Step Five of the analysis due to his finding at Step Four that Ms. Boyd could perform her past relevant work. [Filing No. 12-2 at 21.]

Ms. Boyd sought review of the ALJ's decision from the Appeals Council, but that request was denied on June 26, 2014, [Filing No. 12-2 at 2-4], making the ALJ's decision the Commissioner's final decision subject to judicial review. Ms. Boyd then filed this action, asking that the Commissioner's decision be reversed and requesting an award of benefits, or in the alternative, that the case be remanded for further proceedings. [Filing No. 1.]

## II.
### STANDARD OF REVIEW

"The Social Security Act authorizes payment of disability insurance benefits and Supplemental Security Income to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind of inability, namely, an inability to engage in any substantial gainful activity. Second it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability.

3

The statute adds that the impairment must be one that has lasted or can be expected to last…not less than 12 months." *Id.* at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong," *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [her] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, she will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's RFC by evaluating "all limitations that arise from medically determinable impairments, even those that are

not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform her own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e), (g). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

### III.
#### DISCUSSION

Ms. Boyd makes four arguments in support of her appeal: (1) that the ALJ erred in not finding Ms. Boyd's lupus, rheumatoid arthritis, back pain, obesity, and kidney failure to be severe, and in not considering the combined effect of her non-severe impairments in formulating her RFC; (2) that the ALJ erred in rejecting Ms. Boyd's treating source opinion without engaging in the proper deferential analysis; (3) that the ALJ failed to fully question the claimant and develop the record regarding the physical demands of Ms. Boyd's past relevant work; and (4) that the ALJ failed to properly consider whether Ms. Boyd's headaches met or medically equaled a listed impairment. [Filing No. 18 at 8.] Because the Court has determined that the third issue requires remand, it will address that issue first.

### A. Determination of Physical Demands of Past Relevant Work

Ms. Boyd argues that the ALJ's conclusion that she can return to past relevant work was not supported by specific findings or analysis regarding the physical demands of the work. [Filing No. 18 at 16.] She contends that two of the three express findings required by SSR 82-62 for a Step-Four determination were not sufficiently developed – specifically, the required finding of the demands of past relevant work, and the required comparison of the RFC with demands of past relevant work. [Filing No. 18 at 16-18.] She asserts that "the ALJ did not take into consideration any physical demands of her past work. He simply stated her prior job and determined she can return to it." [Filing No. 18 at 18.] Ms. Boyd also argues that her former job conflicts with her RFC limitations, in that it "could require exposure to flashing lights and loud noises as she accepts large scale bank deliveries." [Filing No 18 at 18.]

In response, the Commissioner argues that Ms. Boyd did not meet her burden of showing that she could not perform her past relevant work. [Filing No. 21 at 18-19.] The Commissioner states that the ALJ satisfied the regulations by presenting a hypothetical to the vocational expert that encompassed all of the limitations in the RFC, and relied on his answer that someone with Ms. Boyd's limitations could work as a bank teller or ledger/bookkeeper. [Filing No. 21 at 19.] The Commissioner asserts that the comparison of the RFC to the demands of past work was correctly drawn, because the testimony of the vocational expert was made after hearing Ms. Boyd's testimony about her work. [Filing No. 21 at 20.] The Commissioner also points to the consistency with the Dictionary of Occupational Titles ("DOT") noise level classifications of the jobs, and the

fact that the loud noises and flashing lights did not cause Ms. Boyd to leave her previous jobs. [Filing No. 21 at 20-21.]

On reply, Ms. Boyd argues that the timing of the vocational expert's testimony after Ms. Boyd's testimony is not sufficient to meet the SSR 82-62 requirements, absent an explicit comparison by the ALJ between the RFC and demands of past work. [Filing No. 22 at 4]. She contends that the ALJ only described her past work in a generic way, making the RFC comparison based on "mere categorization" of the work, rather than on particular physical demands. [Filing No. 22 at 4.]

At Step Four of the disability claim analysis, if the claimant can still perform her past relevant work given her RFC, she is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). In finding that an individual can perform past relevant work, the decision must contain three specific findings of fact:

1) A finding of fact as to the individual's RFC;

2) A finding of fact as to the physical and mental demands of the past job; and

3) A finding of fact that the individual's RFC would permit a return to the past job.

SSR 82-62 (S.S.A.), 1982 WL 31386, *4.

The ALJ's finding that a claimant can perform past relevant work has "far-reaching implications and must be developed and explained fully in the disability decision." *Welch v. Colvin*, 2014 WL 1413538, *3 (S.D. Ind. 2014) (quotations and citations omitted). Accordingly, "every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit," and "[w]hen an ALJ fails to make this determination, remand is appropriate." *Id.* (quotations and citations omitted). Interpreting SSR 82-62, the Seventh Circuit Court of Appeals has held that "the ALJ cannot describe a claimant's job in a generic way – [such

as], 'sedentary' – and conclude, on the basis of the claimant's residual capacity, that she can return to her previous work. Instead, the ALJ must list the specific physical requirements of the previous job and assess, in light of the available evidence, the claimant's ability to perform these tasks." *Nolen v. Sullivan*, 939 F.2d 516 (7th Cir. 1991).

In this case, the ALJ notes two reasons to support his finding that Ms. Boyd is capable of performing past work as a bank teller and ledger/bookkeeper. First, he identifies the DOT titles and categorizations for each job – bank teller is light and skilled (SVP of 5), and ledger/bookkeeper is sedentary and skilled (SVP of 5). [Filing No. 12-2 at 21.] Second, he cites the vocational expert's testimony regarding the posed hypothetical. [Filing No. 12-2 at 21.] The ALJ's reliance on the DOT titles is insufficient under SSR 82-62, as the ALJ only noted the categorization for each job without setting forth their specific physical requirements. *See Nolen*, 939 F.2d at 518.

Additionally, the ALJ's citation to the vocational expert's testimony is unhelpful because, while the vocational expert did hear Ms. Boyd's testimony regarding the bank teller and ledger/bookkeeper jobs, that testimony was vague. And while the ALJ did pose some questions to Ms. Boyd about the demands of her past relevant work, such testimony failed to establish specific physical requirements of the work. Regarding the bank teller job, Ms. Boyd's testimony reveals only that she had to lift bags of coins and stand for long periods of time. [Filing No. 12-2 at 32.] The vocational expert's description of the job was limited to light and skilled, with an SVP of 5. [Filing No. 12-2 at 45-49.] The only information gleaned from Ms. Boyd's testimony about her ledger/bookkeeper job is that it was a desk job, it involved balancing ledgers and transactions, and Ms. Boyd did not consider it complicated. [Filing No. 12-2 at 30.] The vocational expert's description of the job was limited to sedentary and skilled, with an SVP of 5. [Filing No. 12-2 at 45-49.] This is the extent of the information provided from the hearing and the ALJ's decision,

and does not adequately set forth the physical and mental demands of the past job, nor a comparison of the RFC and the job requirements.

While the hypothetical question posed to the vocational expert about the ability of someone with Ms. Boyd's RFC to perform the jobs in question is relevant, it is not a sufficient basis for the ALJ's determination without more detailed facts. Additional detail that could have been explored are facts such as how much time is spent sitting versus standing, if breaks can be taken from continuous sitting and standing, how much weight is required to be lifted, and how often it must be lifted. *See Banks v. Barnhart*, 63 Fed. Appx. 929, 935 (7th Cir. 2003) (ALJ "should have compared the specific, physical demands of [the claimant's] past job with his present capabilities").

A list of specific physical requirements or demands, or a description of the tasks the past work entailed, is a requirement in a Step-Four disability claim analysis. *Nolen*, 939 F.2d at 518-519; *see also Kuykendall v. Astrue*, 2009 WL 3872040, * 4-5 (S.D. Ind. 2009) (lack of specific and consistent information regarding actual length of time spent walking and standing in previous job required remand); *cf. Tolbert v. Astrue*, 2011 WL 883927, * 14 (S.D. Ind. 2011) (information that "[t]ypically the job consists of being at a station where one can sit and stand at will, but they do have to make rounds … for five minutes in every one hour [and t]he only lifting required is a key clack, which weighs less than five pounds," was sufficient for ALJ to explain conclusion that claimant could perform past relevant work) (emphasis omitted).

In this case, the information on job demands does not rise to the level needed for the ALJ to adequately explain his finding that Ms. Boyd could perform her past relevant work. Though Ms. Boyd referred to lifting "bags of coin" while performing the teller job, there is no information about how often she lifted those bags or how much they weighed. Ms. Boyd also referred to not

9

being able to stand "for very long periods of time" as a reason why she ceased working at the teller job, [Filing No. 12-2 at 32], but there is no information – and the ALJ did not inquire – as to how long the standing periods lasted, and if they could be alternated with sitting. The ledger/bookkeeper job was a "desk job", but there is no information about how long that job required sitting, and whether it was possible to alternate sitting with standing.

One reason for the findings of fact requirement is to facilitate meaningful appellate review. *Getch v. Astrue*, 539 F.3d 473, 481 (7th Cir. 2008). This reason is highlighted in this case by the conflict in the parties' arguments regarding flashing lights and loud noises. Ms. Boyd argues that the ALJ did not correctly compare the RFC to the functional demands of past relevant work, because the RFC requires no exposure to flashing lights and noises, and her former job "could require exposure to flashing lights and loud noises as she accepts large scale bank deliveries." [Filing No. 18 at 18.] Based on the citation to the record, this assertion appears to relate to Ms. Boyd's testimony regarding "Brink's trucks that take money to the bank" and "shipp[ing] money…from different states." [Filing No. 12-2 at 30.] Her testimony is that she balanced these transactions. [Filing No. 12-2 at 30.] The Commissioner argues that the noise levels for the past jobs are quiet and moderate, and thus the RFC limitation is satisfied, and also points to Ms. Boyd's testimony that the bank teller and ledger/bookkeeper jobs were desk job that involved "balancing ledgers." [Filing No. 21 at 20.]

The failure to develop the record regarding the physical demands of Ms. Boyd's past relevant work makes it impossible for the Court to meaningfully review this aspect of the Step-Four analysis. See *Wadsworth v. Astrue*, 2008 WL 2857326, *9 (S.D. Ind. 2008) ("The three sentences the ALJ devoted to discussion of whether [the claimant] could perform his past work…do not meet the requirements outlined in Ruling 82-62. It is not clear from these brief

10

sentences that the ALJ considered carefully [the claimant's] testimony or the medical evidence about how his impairments would affect his ability to work [in his former job], or whether the ALJ consulted any supplemental sources regarding how the job…is generally performed"). It is possible that Ms. Boyd's testimony did not imply that she was actually exposed to Brinks trucks and shipping docks, but that she handled paperwork that resulted from those transactions. However, given the lack of clarity in the record, the Court cannot make this assumption. Due to the record's lack of development regarding the physical demands of Ms. Boyd's past relevant work – relating both to lights and noises as well as to lifting, standing, and sitting – the Court must remand this case for further consideration.

### B. Additional Arguments

Given that the Court has already determined that this case must be remanded, it will not address Ms. Boyd's remaining arguments in detail. That said, on remand the ALJ should be careful to correctly consider the combined effect of Ms. Boyd's non-severe impairments in her RFC. The Court notes, however, that the ALJ stated that he had given "careful consideration of the entire record" and "considered all symptoms." [Filing No. 12-2 at 16-17.] Ms. Boyd provides no reason for the Court to second-guess the ALJ's representations that he did, in fact, consider the effects of Ms. Boyd's impairments in combination. *See Richison v. Astrue*, 462 Fed. Appx. 622, 626 (7th Cir.2012) (concluding that an ALJ who "wrote that he gave 'careful consideration' to 'the entire record' and 'considered all symptoms'" adequately considered the cumulative effects of the claimant's impairments in the absence of contrary evidence).

Additionally, as to Ms. Boyd's argument that the ALJ erroneously rejected her treating physician's opinion without engaging in the proper deferential analysis, [Filing No. 18 at 14-16], the Court notes that the treating physician rule "directs the administrative law judge to give

controlling weight to the medical opinion of a treating physician if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence.'" *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2)). The Court also notes, however, that the ALJ provided his rationale for considering, but giving little weight to, Ms. Boyd's treating physician's opinion. [*See* Filing No. 12-2 at 18-20.]

Finally, Ms. Boyd argues that the ALJ failed to properly consider whether Ms. Boyd's headaches met or equaled a listed impairment – specifically, Listing 11.03 for Epilepsy. [Filing No. 18 at 19-20.] The Court notes that there is no listing for headaches or migraines, and that the ALJ considered whether Ms. Boyd met or medically equaled "any listing section in *Neurological*, section 11.00, *et seq.*" [Filing No. 12-2 at 16 (emphasis in original).] On remand, however, the ALJ should take care to specifically address Listing 11.03, and explain why Ms. Boyd does not meet that listing.

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **VACATES** the ALJ's decision denying Ms. Boyd benefits and **REMANDS** this matter for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four). Final judgment shall issue accordingly.

DATE: June 30, 2015

                                         Hon. Jane Magnus-Stinson, Judge
                                         United States District Court
                                         Southern District of Indiana

**Distribution via ECF only to all counsel of record**